United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE CLINE,

        Plaintiff,

    v.

CALPINE CORPORATION,

        Defendant.

Case No. 22-cv-07031-RS

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

    Pursuant to Civil Local Rule 7-1(b), plaintiff's motion for leave to file an amended complaint is suitable for disposition without oral argument and the hearing set for April 20, 2023, is vacated. The proposed amended complaint names two additional defendants that plaintiff contends are subsidiaries of existing defendant Calpine Corporation and that are "reasonably believed to be responsible" for the allegedly wrongful conduct in issue. No opposition to the motion has been filed.[1]

    Leave to amend is to be given freely under Rule 15, and no reason appears why it is not appropriate here. Accordingly, the motion is granted insofar as plaintiff is permitted to file and serve an amended complaint in the form proposed. Plaintiff's motion, however, also requests a

---

[1] Plaintiff failed to docket his motion correctly, with the result that the briefing deadlines did not appear in the docket. Defendant nonetheless had notice of the motion and presumably elected not to oppose. Given the liberal standards under Rule 15 of the Federal Rules of Civil Procedure and the circumstances here, opposition to amendment would not have been viable in any event.

1   ruling that the amended complaint will "relate back" to the filing date of the original complaint.

2   Although Rule 15(c) sets out the standards under which an amendment will relate back, a motion for leave to amend is not an appropriate vehicle for determining whether those standards are satisfied in a particular instance. Among other things, the new defendants—the parties who may wish to argue the amended complaint does *not* relate back and therefore the claims against them are potentially time-barred—are not yet before the court. It would deprive those parties of due process to purport to decide the timeliness of the claims against them before they have even been served. If the relation-back issue is contested, it would properly be resolved in a motion to dismiss or motion for summary judgment brought by defendants on statue of limitations grounds. Accordingly, that aspect of plaintiff's present motion is denied.

**IT IS SO ORDERED**.

Dated: April 11, 2023

_____
RICHARD SEEBORG
Chief United States District Judge