UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GEORGE CLINE,

          Plaintiff,

      v.

CALPINE OPERATING SERVICES
COMPANY, INC.,

          Defendant.

Case No. 22-cv-07031-RS

**ORDER DENYING MOTION TO FILE
THIRD AMENDED COMPLAINT**

Plaintiff George Cline moves for leave to file a third amended complaint that (1) omits claims previously dismissed, and (2) adds a new "cause of action" entitled "premises liability." From the outset of this litigation, Cline has alleged he was injured in a head on collision with a vehicle driven by an employee of defendant Calpine Operating Services Company, Inc. At the time, Cline was employed by a subcontractor of Calpine.

The collision happened on a private road. The initial complaint alleged:

> The gravel private road was narrow such that two vehicles could not safely pass one another. Mr. Cline was operating his employer's truck and traveling uphill. CalPine retained control over the road.

Complaint, para. 9.

Cline's proposed third amended complaint alleges in slightly more detail that the property "was owned, leased, occupied, and/or controlled by Calpine" and that Calpine "retained control over the safety conditions of the worksite where the subject collision occurred."

United States District Court
Northern District of California

The proposed Third Amended Complaint's omission of previously dismissed claims would not be objectionable, but is not procedurally necessary. The dispute is whether it is appropriate for Cline to file an amended complaint at this juncture setting out a new "cause of action" for "premises liability."

Calpine contends the motion should be denied because a claim for recovery under premises liability theory would be futile. Calpine insists that "[c]ontrary to Plaintiff's allegations, Calpine Operating Services Company, Inc. did not own, possess, or control the premises at issue." Calpine asserts the subject property was instead leased to and controlled by former defendant Geysers Power Company, LLC. Even assuming Calpine may ultimately be able to show it did not hold a sufficient interest in the property or exercise a level of control that would trigger liability under a premises liability theory, that is a factual question, and would not be a basis to deny leave to amend.

Calpine also argues Cline did not act with adequate diligence to bring any new claim. Cline contends he brought this motion for leave to amend promptly following his expert's review and analysis of the accident site. Cline argues that prior to obtaining the expert opinion, he was unaware of the specific arguments that could be made as to the conditions of the roadway.

In federal court, the rule of "notice pleading" requires the plaintiff to set forth in the complaint claims for relief, not causes of action, statutes or legal theories. *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008);  Fed.R.Civ.P. 8(a)(2). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002).

Here, as noted above, from the outset Cline alleged "the road was narrow such that two vehicles could not safely pass one another" and that "Calpine retained control over the road." Accordingly, Cline is not precluded from advancing those contentions, including whatever more specific arguments it may have in light of its expert's report. Calpine, in turn, is not precluded from rebutting Cline's arguments and/or showing it did not in fact have control over the road.

Whether or not Cline is potentially entitled to recovery under the specific theory of "premises liability" is appropriately addressed at summary judgment and/or in the context of deciding what jury instructions will issue.

Accordingly, the motion for leave to file the proposed Third Amended Complaint is denied on grounds that it has no substantive effect on Cline's claims in this action. Previously dismissed claims remain dismissed, and Cline's ability to recover under a "premises liability" theory does not turn on the proposed amendments.

**IT IS SO ORDERED**.

Dated: May 12, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

CASE NO. 22-cv-07031-RS

United States District Court
Northern District of California